R. McP. SMITH *v.* MAYOR AND CITY COUNCIL OF NASHVILLE.

CORPORATION, MUNICIPAL. *Power to employ counsel.* A municipal corporation has no such interest in a suit exclusively directed against its officers as will authorize it to retain counsel for its defense, although the bill may enjoin the officers from performing the functions of their office, and ask for the appointment of a receiver with power to control the corporate property and finances.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson County. NATHANIEL BAXTER, J.

R. McP. SMITH for Smith.

W. K. McALISTER, for City of Nashville.

COOPER, J., delivered the opinion of the Court.

Action for professional services as a lawyer claimed to have been rendered by the plaintiff for the defendant. The declaration is in the form of the common counts, and the material plea *nil debit.* The Circuit Judge, who tried the case without a jury, rendered judgment in favor of the defendant, and the plaintiff appealed in error.

The services for which a recovery is demanded were rendered in defending a suit commenced by a bill filed on the 3rd of June, 1869, in the Chancery Court at Nashville. The bill was brought in the name of the State, on the relation of a large number of the citizens of Nashville, against the Mayor and Common Council of Nashville, the Mayor of the city, the individuals composing the City Council, the Treasurer, Collector and Recorder, and other persons named. The bill called in question the right of the Mayor and a number of the members of the City Council to hold the offices occupied by them, because of the want of the necessary qualifications. It charged all of the officers with the grossest malfeasance in office, and with having brought the corporation to the verge of bankruptcy. The object of the bill was to enjoin the city officials made defendants from issuing, receiving, using or speculating in city warrants, alleged to have been fraudulently executed, until their validity could be enquired into, and to call the same officers to account for money made by speculating in the means and credit of the city. There was also a prayer for a receiver to be ap-

pointed to control the finances of the city, and save it from ruin. The bill also asked that certain third persons, who were made defendants, as large dealers in the warrants of the city, and in collusion with the city officials, be enjoined from using in any way, or suing on, or selling the checks or warrants in their hands.

Upon this bill, one of the Chancellors of the State granted a fiat for injunctions as prayed. Afterwards an amended and supplemental bill was filed, docketed as a separate suit, which is not made a part of the bill of exceptions, but under which a receiver was appointed in conformity with the prayer of the original bill. On the 5th of June, 1869, the plaintiff was retained by the Mayor of the city to assist the City Attorney and other counsel in the original case. On the 23rd of September, 1869, the Mayor and City Council of Nashville undertook to ratify the act of the Mayor in employing attorneys and solicitors to defend the two bills, referring to them by their title and numbers on the rule docket of the court.

The Circuit Judge, on the trial, found as a fact that the plaintiff was retained by the Mayor to defend the suit, and that this retainer was subsequently ratified by the City Council. He further found that the plaintiff, in pursuance of the retainer, performed services which were reasonably worth the amount sought to be recovered. But he also found as a fact that, although the corporation was made a nominal defendant to the bill,

no relief was sought against it, and that it had no interest in defending the bill. That the only object of the bill was to prevent the other defendants from injuring the corporation, and that these defendants, as individuals, were the only defendants against whom relief was sought, or who had any interest in defending the bill. He was of opinion that the defendants, neither as individuals nor as Mayor and City Council of the city, had any power to bind the corporation to pay for the legal services rendered in defense of the suit. He found, he says, " as well the issues of fact as of law " in favor of the defendant.

Where a municipal corporation has no interest in the event of a suit, or in the question involved in the case, it would seem clear that it could not assume the defense of the suit, or appropriate its money for the payment of the expenses incurred. " It would be a dangerous power," says Pratt, J., " to be vested in municipal corporations which would give them the right to employ counsel and defend every suit which might present a question in the decision of which the agents of such corporations might fancy themselves interested: *Halstead* v. *Mayor of New York*, 3 N. Y., 430, 435. Most clearly the corporation could not appropriate money to defray the costs of an official who had been prosecuted for official misconduct, although he be acquitted: *People* v. *Lawrence*, 6 Hill, 244; *Merrill* v. *Plainfield*, 45 N. H., 126; *Butler* v. *Milwaukee*, 15 Wis., 493. Nor to defray the expense

of a civil action for like official misconduct. A retainer for the prosecution or defense of any suit in which the corporation is not directly interested would be of no avail to create a corporate liability: *Daniel* v. *Mayor of Memphis*, 11 Hum., 582.

These principles are not controverted by the plaintiff in error, but he earnestly and ably argues that he was retained for the city, and that his services were rendered in protection of the privileges and franchises of the municipality whose corporate autonomy was threatened. But the Circuit Judge found as a fact that no relief was sought against the corporation, whose rights would not have been in the least affected by a *pro confesso* order taking the bill for confessed as against it.

The finding of a fact by the Circuit Judge in a case tried by him is as conclusive in this Court as a similar finding by the jury. And if we look for ourselves to the only bill which was introduced in evidence before him, there cannot be a doubt of the correctness of his conclusion. Its sole object was to restrain the alleged illegal and fruadulent disposition of the corporate funds by the individual defendants. If the officers of a municipal corporation depart from their sphere of duty, and assume to themselves a power over the corporate property which the law does not confer, and a *fortiori* if they are fraudulently appropriating the corporate funds to their own benefit, a Court of Chancery no longer looks upon them as acting under the authority of their office, but treats them merely as

persons wrongfully dealing with property entrusted to them, and interferes by injunctson and other process : *Frewin* v. *Lewis,* 4 M. and C., 249, 255; *Baltimore* v. *Horn,* 26 Md., 194; *Paterson* v. *Bowers,* 4 Grant, 170. The plaintiff in error thinks that the Circuit Judge looked too much to the first bill, and did not sufficiently consider the second bill, in which, he says, the "great bulk of the services were performed," and "the contest over the receivership actually waged." But he concedes that the second bill "was rather an amended bill." If so, the issues must be considered substantially the same, unless the contrary appears, and the contrary does not appear, for the bill is not introduced in evidence. And any defects of the original bill may have been cured by its averments. Besides, the plaintiff's retainer by the Mayor was only in the first suit, and the subsequent ratification by the City Council was of "the action of the Mayor in the employment of attorneys," and no other employment is shown. The answers of the defendants which appear in the bill of exceptions, it is admitted by the plaintiff, were never filed, and therefore go for nothing except to show the character of the work done. And the same is true of the petition for a supersedeas to one of the Judges of the Supreme Court to supersede the Chancellor's orders and the argument therewith submitted. They cannot be looked to for facts in support of the plaintiff's case except to show the character of his work.

There is no error in the judgment, and it must be affirmed.