JOSEPH G. WALKER, ET AL., )
  )  NO. 01-A-01-9610-CH-00497
  PLAINTIFF/APPELLANT, )
  )  WILSON CHANCERY NO. 9191
v.  )
  )
BOARD OF EDUCATION OF )
WILSON COUNTY, )
  )
DEFENDANT/APPELLEE. )

**FILED**

April 25, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE WILSON COUNTY CHANCERY COURT

AT LEBANON, TENNESSEE

THE HONORABLE ROBERT W. WEDEMEYER, JUDGE

WILLIAM L. HARBISON
Sherrard & Roe, PLC
424 Church Street, Suite 2000
Nashville, Tennessee 37219
 ATTORNEY FOR APPELLANT LALETA SHIPPER

HENRY CLAY BARRY
106 South College Street
Lebanon, Tennessee 37087
 ATTORNEY FOR APPELLANT ALLEN BARRY

ERNEST W. COTTEN
202 East Gay Street
Lebanon, Tennessee 37087
 ATTORNEY FOR APPELLANT JOSEPH G. WALKER

MICHAEL R. JENNINGS
Wilson County Attorney
326 N. Cumberland Street
Lebanon, Tennessee 37087
 ATTORNEY FOR APPELLEE BOARD OF EDUCATION
 OF WILSON COUNTY

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

This is an appeal by plaintiffs/appellants, Joseph G. Walker, Laleta Shipper and Allen Barry, from a decision of the trial court dismissing their complaint to recover attorneys' fees from defendant/appellee, the Board of Education of Wilson County ("the Board"). The facts out of which this matter arose are as follows.

In February 1991, the District Attorney General initiated ouster proceedings against Appellants and Frank Sadler, all members of the Board, on the recommendation of the grand jury. The grand jury's decision was the result of its investigation into audits that revealed the Wilson County School System had incurred a budget deficit of approximately two million dollars for fiscal years 1988-90.

Several things happened as the case proceeded to trial. Frank Sadler resigned his board position rather than defend himself at trial. Appellants learned the Board's insurance would not cover the legal expenses associated with the ouster proceeding. Also, Mike Jennings, the county attorney, informed Appellants he could not represent them in the ouster proceeding because of a conflict of interest. Appellant Walker testified that Mr. Jennings advised Appellants to retain their own counsel and that Appellant Walker understood the Board would pay for it "out of a budget line item for the school board."[1] Appellants each retained counsel to represent them, and the case went to trial.

At the end of the trial, the court directed a verdict in favor of Appellants as to count nine and turned the remaining eight counts over to the jury. After hearing the jury's findings, the court ordered the ouster of Appellants. Thereafter, Appellants filed a motion for a new trial which the court denied. Appellants also filed a motion for attorneys' fees in relation to the dismissed count pursuant to Tenn. R. Civ. P. 11 and 42 U.S.C. §1988.

Appellants appealed the trial court's decision to oust them from the Board.

---

[1] Appellants Shipper and Barry did not testify at trial because, according to their attorneys, the testimony would have been cumulative to that of Appellant Walker.

This court reversed the trial court after finding, in pertinent part, as follows: "We are of the opinion after a thorough review of this record that the defendants have not violated any of the duties assigned to them." *State v. Walker*, 845 S.W.2d 752, 760 (Tenn. App. 1992). As a result, Appellants Walker and Barry were reinstated. Appellant Shipper was not reinstated because her term had expired.

On remand, the trial court entered an "Order for Cost" which awarded Appellants costs pursuant to Tennessee Code Annotated section 8-47-122, but denied their claims to attorneys' fees. The trial court determined it did not have authority to order the Board to pay Appellants' attorneys' fees and concluded the Board should determine the issue itself.

Appellants then initiated a second appeal which this court dismissed for lack of a final judgment. Thereafter, the trial court entered an order awarding a specified amount of costs. Appellants initiated a third appeal. The western section heard the case while sitting in Nashville. The western section determined Appellants were entitled to Rule 11 sanctions as to count nine and were not entitled to fees under 42 U.S.C. §1988. *State v. Walker*, No. 01-A-01-9311-CR-00486, 1994 WL 164144, *4-5 (Tenn. App. 4 May 1994).

After the Board reinstated Appellants Walker and Barry, Appellants requested the Board pay their attorney's fees. The Board refused. Prior to the filing of the western section's decision, Appellants filed a complaint in the Wilson County Chancery Court. Appellants claimed a motion carried by the Board on 8 October 1987 required the Board pay their attorney's fees. The minutes of the 8 October 1987 meeting provided: "Mrs. Shipper moved that any judgment rendered against any Board member, Superintendent, or employee while acting in his or her official capacity be paid for by the Board. Mrs. Webb seconded and the motion carried." Appellants also filed the affidavit of Felix Smallwood, Wilson County School Superintendent from September 1984 to September 1988, in support of their complaint. Mr. Smallwood stated the intent of the motion "was that the school system was to pay the cost incurred as a result of litigation brought against school system officials." In response, the Board argued the trial court decided the issue in the ouster proceeding and the 8 October 1987 minutes did not reflect a Board policy

to pay attorney's fees.

The chancery court entered its final judgment on 23 May 1996 wherein it dismissed Appellants' complaint. The chancery court found there was no statutory basis for an award of attorney's fees and the Board did not establish a policy for paying attorney's fees. Thereafter, Appellants filed a timely notice of appeal. The sole issue on appeal is whether Appellants are entitled to recover their attorneys' fees from the Board.

Appellants are not entitled to relief under Tennessee law. In 1879, the Tennessee Supreme Court decided a similar case. *Smith v. Nashville*, 72 Tenn. 69 (1879). In *Smith*, the State brought a bill, on the relation of a number of Nashville citizens, accusing the Mayor and Common Council of Nashville, the Mayor, individual members of the City Council, and other city officials with gross misconduct and with having brought the corporation to the verge of bankruptcy. *Id.* at 70. On 5 June 1869, the Mayor retained an attorney to aid the City Attorney in the defense of the case. The Mayor and the City Council ratified the Mayor's action in September 1869. *Id.* at 71. Thereafter, the attorney filed an action for his fees. The trial court concluded the municipal corporation had no interest in defending the bill and that neither the City Council nor the Mayor had the authority to bind the municipal corporation. Thus, the trial court entered judgment against the attorney. The Tennessee Supreme Court affirmed the judgment and stated:

> Where a municipal corporation has no interest in the event of a suit, or in the question involved in the case, it would seem clear that it could not assume the defense of the suit, or appropriate its money for the payment of the expenses incurred. . . . Most clearly the corporation could not appropriate money to defray the costs of an official who had been prosecuted for official misconduct, <u>although he be acquitted</u>.

*Id.* at 72 (emphasis added). The court then stated: "A retainer for the defense of any suit in which the corporation is not directly interested would be of no avail to create a corporate liability." *Id.* at 73. This case is analogous to the case currently before this court. Appellants have failed to provide any authority in opposition to the holding in *Smith*. In a more recent case, this court concluded that "suits under the ouster law are directed to the individual holding the office rather than the office itself." *Marshall v. Sevier County*, 639 S.W.2d 440, 444 (Tenn. App. 1982). After

considering this holding and the decision in *Smith*, we must conclude the City did not have an interest in the suit. Thus, Appellants can not recover their attorney's fees at law.

Appellants also argue they are entitled to their attorneys' fees because the Board had a policy or practice of paying its member's attorney's fees. There was no policy. In 1987, the Board's rules required there be three readings before a proposal became a policy. The 8 October 1987 motion never received three readings. Even if we were to conclude there was a practice as opposed to a formal policy, we could not reverse the trial court on that basis alone. In *Marshall*, this court considered a similar argument and determined it was without merit. *Marshall*, 639 S.W.2d at 445. Moreover, Appellants have failed to cite any equitable principles entitling them to relief. There is no evidence the City benefited from Appellants' actions or that Appellants relied on the City's "practice" when they hired independent counsel.

Despite our desire to overrule the chancery court, we were unable to find a legal or equitable ground upon which to base such a ruling. The history of the case reveals Appellants had done nothing wrong, but were forced to incur substantial attorneys' fees nonetheless. Should the Tennessee Supreme Court take this issue up for consideration, we hope they are able to devise a just result.

Therefore, it follows that the decision of the chancery court is affirmed and the case remanded for any further necessary proceedings. Costs on appeal are taxed to plaintiffs/appellants, Joseph G. Walker, Laleta Shipper, and Allen Barry.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:


_____
HENRY F. TODD, P.J., M.S.

_____
BEN H. CANTRELL, J.